No. 317.

MARY R. TAYLOR AND HUSBAND VS. EMMA S. MARSHALL.

1. The tutor's bond was recorded. He filed an account of tutorship. In the judgment of homologation, the minor's mortgage was not mentioned. It was not thereby affected, but retains its force and effect.

2. The testimony of witnesses—who testify as experts—being contradictory, should be weighed, and the best supported inference adopted.

3. In pro-rating values between the makers of improvements on lands and claimants of a mortgage thereon, the respective values of the land and the improvements are ascertained.

The seizing creditor receives the value which the land bears relatively to the amount of the sale, and the defendant the value of the improvements considered, in the same way.

APPEAL from the Second District Court, Parish of Bossier. Boone, J.

J. R. Phipps, J. W. Lowry and John Young for Plaintiff and Appellant.

J. A. Snider and Joannes Smith for Defendant and Appellee.

The opinion of the court was delivered by

BREAUX, J. This is an hypothecary action to enforce a mortgage against certain lands owned by the defendant.

Defendant filed an exception in which it is alleged that, in the judgment plaintiff seeks to enforce, her mortgage is not recognized or mentioned.

That she has by a casus omissus, or by intendment, waived or renounced her mortgage.

The plaintiff was the ward of J. N. Platt.

At her majority he filed an account of tutorship, showing an indebtedness of $3781.10.

The account was homologated in the usual form, without special reference to the mortgage, by which this amount is secured as to its payment.

The tutor's bond has been duly recorded, and is in evidence.

The nature of the debt secures the mortgage. It exists without the necessity of its mention in the judgment homologating the tutor's account.

The mortgage claimed is extant, and bears on defendant's property.

The defendant pleads in reconvention for the value of her improvements.

They are alleged to be valuable and to have greatly improved the place.

Judgment was rendered in favor of the plaintiff for the sum claimed, and recognizing her mortgage. To satisfy the amount decided to be due, of the demand in reconvention, it was ordered that plaintiff be allowed one-fourth of the entire proceeds of the sale, not to exceed the amount of her claim, and the defendant the remaining three-fourths of such proceeds.

The plaintiff and the defendant appeal from the judgment.

A number of witnesses have testified to establish the value of the place on which the mortgage bears. The difference in the estimates is great, and vary from small amounts to considerable sums.

To commence *ab origine* with questions of value, we note that on the 13th day of September, 1881, J. N. Pratt, the mortgage debtor, sold this land for $1000.

It was sold for $3000, in May, 1882; in 1885, for $4960; in 1886, for $6000; in 1887, February, for $8000; in 1887, July, it was sold to the defendant for $8600.

The foregoing prices can be safely consulted. As the enhancement in the value of the land is not entirely owing to the improvements, but in part to the increase in the value of the land, we will consult the testimony of the witnesses to ascertain the value of each.

They testify that the improvements were comparatively of little value, when the place was owned by Platt, the judgment debtor.

One of the witnesses for the plaintiff testifies that they were worth $2.00 an acre; that is, improved the value of the place in that amount per acre.

This is the highest estimate.

The witnesses for the defendant fix it at considerably less, when the place was owned by Platt.

All the witnesses differ materially about the number of acres of land cleared since the Platt sale.

Those for the defendant state a larger number than those for the plaintiff.

We conclude that more than two hundred and forty acres were cleared since the sale.

The expense of cutting down trees and clearing the land for cultivation is estimated by different witnesses. Some have fixed the amount at $5 an acre, others at $7, others at $15 and $17.

There is as much divergence in the estimate of the value of the building, improvements and the machinery. Some of the witnesses have fixed it at more than $3500, others at considerably less.

In line with these estimates the witnesses have testified as to a *pro rata* value of the improvements and of the land.

The value of the land unimproved was estimated at $5 by five of the witnesses, and at $25 improved.

Several of the witnesses have testified to less.

Allowing for the increase in the value of the lands, owing to other causes than the improvements, we conclude that the judgment of the District Court does substantial justice in the estimate adopted.

We do not understand that the principle of pro-rating values between the makers of improvements on lands and claimants of mortgages thereon, both in good faith, is seriously opposed.

Article 3407 of the C. C. is clear upon the subject, and leaves no room for construction.

See also Oxford vs. Bowan, 43 An.

Judgment affirmed at appellant and appellee's costs, jointly.